IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

FILED

APR 1 3 2022

Clerk of the Appellate Courts
Rec'd By _____

## AKILAH MOORE, ET AL. v. WILLIAM LEE, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 22-0287-IV**
Chancellor Russell T. Perkins, Judge J. Michael Sharp, and
Chancellor Steven W. Maroney

---

### No. M2022-00434-SC-RDO-CV

---

The Plaintiffs filed a lawsuit challenging the reapportionment plan for the districts of the Tennessee Senate that the Tennessee General Assembly enacted after the 2020 census. Specifically, the Plaintiffs alleged that the reapportionment plan violates article II, section 3 of the Tennessee Constitution because it fails to consecutively number the four Senatorial districts included in Davidson County. The Plaintiffs requested declaratory and injunctive relief. The trial court granted a temporary injunction enjoining the Defendants from enforcing or giving any effect to the boundaries of the Senatorial districts. The trial court provided the General Assembly with fifteen days to remedy the defect pursuant to Tennessee Code Annotated section 20-18-105, stating that if the defect was not remedied, the trial court would impose an interim plan for the 2022 election. Tennessee Code Annotated section 2-5-101(a)(1) sets the deadline for filing candidate nominating petitions as the first Thursday in April at noon. Thus, the trial court further extended the statutory April 7, 2022 filing deadline for Senatorial candidates until May 5, 2022. The Defendants filed an application for extraordinary appeal in the Court of Appeals pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. This Court assumed jurisdiction over the case pursuant to Tennessee Code Annotated section 16-3-201(d)(3). We conclude that the trial court erred by granting the injunction because it failed to adequately consider the harm the injunction will have on our election officials who are detrimentally impacted by the extension of the candidate filing deadline, as well as the public interest in ensuring orderly elections and avoiding voter confusion. We vacate the injunction and remand to the trial court.

**Tenn. Code Ann. § 16-3-201(d)(3) Appeal**
**Order of the Trial Court Vacated; Case Remanded**
**to the Trial Court**

ROGER A. PAGE, C.J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, HOLLY KIRBY, and SARAH K. CAMPBELL, JJ., joined. SHARON G. LEE, J., filed a separate dissenting opinion.

David W. Garrison, Scott P. Tift, and Josh Spragens, Nashville, Tennessee, for the plaintiffs Akilah Moore, Telise Turner, and Gary Wright.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; Janet M. Kleinfelter, Deputy Attorney General; Alexander S. Rieger, Senior Assistant Attorney General; and Pablo A. Varela, Assistant Attorney General for the defendants, William Lee, as Governor of Tennessee, in his official capacity, Tre Hargett, as Tennessee Secretary of State, in his official capacity, and Mark Goins, as Tennessee Coordinator of Elections, in his official capacity.

**OPINION**

**FACTUAL AND PROCEDURAL BACKGROUND**

Following the 2020 census, the General Assembly reapportioned the districts for the Tennessee State Senate as required by article II, section 4 of the Tennessee Constitution. This was done through Senate Bill 0780, which was passed by both Houses of the General Assembly, and signed into law by the Governor as Public Chapter 596 on February 6, 2022 ("the Senate plan").

On February 23, 2022, the Plaintiffs, who are three registered voters in Tennessee, filed a complaint for declaratory and injunctive relief, challenging the constitutionality of the Senate plan.[1] On March 1, 2022, this Court affirmed a decision by the trial court that the statutory criteria for a three-judge panel under Tennessee Code Annotated section 20-

---

[1] The Plaintiffs' complaint also challenged the constitutionality of Senate Bill 0779, Public Chapter 598, which reapportioned the districts for the Tennessee House of Representatives ("the House plan"). The House plan is not at issue in this appeal.

18-101(a) (2021)[2] had been satisfied. The Court selected Judge J. Michael Sharp and Chancellor Steven W. Maroney to sit with Chancellor Russell T. Perkins, to whom the case was originally assigned ("the panel" or "the trial court").

On March 2, 2022, the Plaintiffs filed a "motion to set hearing and expedited briefing schedule on plaintiffs['] motion for summary judgment, or in the alternative, for expedited trial." The Defendants filed a response in opposition, and the panel held a telephonic conference. On March 8, 2022, the panel entered an order denying the motion, stating it "was not convinced that it had authority to expedite the proceedings in the fashion requested in the motion," and that

> [g]iven all the attendant circumstances, including Defendants' preliminary estimate that they needed to develop expert proof to defend Plaintiffs' constitutional challenges and the possibility that discovery might be necessary, the Panel concludes that expediting these proceedings as requested would not allow the important constitutional questions to be fully and meaningfully considered and adjudicated on the merits.[3]

On March 11, 2022, the Plaintiffs filed their first amended verified complaint as well as a motion for temporary injunction. In their amended complaint, the Plaintiffs asked the panel to declare that the Senate plan violates article II, section 3 of the Tennessee

---

[2] Tennessee Code Annotated section 20-18-101(a) provides as follows:

A civil action in which the complaint meets each of the following criteria must be heard and determined by a three-judge panel pursuant to this chapter:
    (1) Challenges the constitutionality of:
        (A) A state statute, including a statute that apportions or redistricts
        state legislative or congressional districts;
        (B) An executive order; or
        (C) An administrative rule or regulation;
    (2) Includes a claim for declaratory judgment or injunctive relief; and
    (3) Is brought against the state, a state department or agency, or a state official acting in their official capacity.

[3] A copy of the trial court's March 8, 2022 order is not provided in the parties' appendices and an appellate record has not yet been transmitted to this Court given the expedited nature of these proceedings. However, a copy of the order is available on the Davidson County Chancery Information Access website, https://chanceryclerkandmaster.nashville.gov/cases/chancery-information-access-cia/, and we take judicial notice of the contents of the order. *See* Tenn. R. App. P. 13(c); *Delbridge v. State*, 742 S.W.2d 266, 267 (Tenn. 1987) ("The courts may take judicial notice of the court records in an earlier proceeding of the same case and the actions of the courts thereon.").

Constitution by failing to consecutively number the Senatorial districts in Davidson County. In their amended complaint and motion for temporary injunction, the Plaintiffs further asked the panel to (1) prohibit the Defendants from enforcing or giving any effect to the Senate plan, including barring the Defendants from conducting any elections under the plan; (2) provide the General Assembly with fifteen days to remedy the identified constitutional defects, consistent with Tennessee Code Annotated section 20-18-105 (2021); (3) enact an interim redistricting plan applicable to the 2022 state legislative elections if the General Assembly failed to remedy the identified constitutional defects by the court-imposed deadline; and (4) delay the April 7, 2022 candidate filing deadline until May 20, 2022, or such other date as the court deemed appropriate. The Defendants filed a response in opposition, and the Plaintiffs filed a reply in support of their motion. The parties also filed various affidavits and documents in support of their respective positions. On March 31, 2022, the court held a non-evidentiary hearing on the motion for temporary injunction.

On the afternoon of April 6, 2022, a majority of the panel issued an order granting a temporary injunction with respect to the Senate plan.[4] The panel majority found that the Plaintiffs had shown a likelihood of success on the merits of their constitutional challenge to the Senate plan and a risk of irreparable harm sufficient to warrant the issuance of extraordinary relief in the form of a temporary injunction. The panel majority also stated that the Plaintiffs had made a sufficient showing on the question of the public interest and the balancing of harms as to the Senate plan. Thus, the panel temporarily enjoined the effectiveness of the Senate plan and (1) directed the Defendants not to give any effect to the Senate plan or hold any elections under the plan pending further orders of the court; (2) provided the General Assembly with fifteen days to remedy the constitutional defect; (3) declared that, if the General Assembly fails to remedy the defect, the panel will impose an interim apportionment map for the Tennessee Senate; and (4) extended the April 7, 2022 noon filing deadline for prospective state Senatorial candidates to May 5, 2022, at noon, which is fifteen days earlier than the date proposed by the Plaintiffs in their motion for temporary injunction. Chancellor Maroney dissented from enjoinment of the Senate plan, stating he believes a full evidentiary hearing is required to address the claims and defenses regarding the Senate plan.

On April 7, 2022, the Defendants sought review of the panel's decision enjoining the Senate plan by filing in the Court of Appeals an Application for Extraordinary Appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. The Defendants also

---

[4] The panel declined to enjoin the House plan.

- 4 -

filed an Emergency Motion to Stay Pending Extraordinary Appeal pursuant to Rule 7 of the Tennessee Rules of Appellate Procedure, requesting that the injunction be stayed pending appeal and seeking expedited review. On April 8, 2022, this Court, on its own motion, entered an order pursuant to Tennessee Code Annotated section 16-3-201(d)(3) (2021)[5] finding that the application raised issues of compelling public interest, and assuming jurisdiction over the case. We granted the Defendants' request to expedite review and ordered the Plaintiffs to file an answer to the application and a response to the motion to stay by Monday, April 11, 2022, at 1:00 p.m. The Plaintiffs timely filed an answer. Following receipt of the Plaintiffs' answer, this Court entered an order on April 11, 2022, granting the Defendants' application for extraordinary appeal, and ordering that the case be submitted to the Court for decision without further briefing or oral argument. *See* Tenn. R. App. P. 10(d); Tenn. Sup. Ct. R. 48(d). We now issue our decision.

## STANDARD OF REVIEW

"The trial court's decision to grant the plaintiffs' request for a temporary injunction is discretionary and is reviewed under an abuse of discretion standard." *Fisher v. Hargett*, 604 S.W.3d 381, 395 (Tenn. 2020). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Id.* (quoting *Harmon v. Hickman Cmty. Healthcare Servs., Inc.*, 594 S.W.3d 297, 305-06 (Tenn. 2020)). This Court has further stated that "[a]n abuse of discretion occurs when a court . . . fails to properly consider the factors customarily used to guide the particular discretionary decision." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citing *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)). "Whether the trial court applied an incorrect legal standard is a question of law and is reviewed *de novo* with no presumption of correctness." *Fisher*, 604 S.W.3d at 395. While questions of fact are normally reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise, in appeals such as this where all evidence is documentary, we afford no deference or presumption of correctness to the trial court's findings of fact. *Id.*

---

[5] "The supreme court may, upon its own motion, when there is a compelling public interest, assume jurisdiction over an undecided case in which a notice of appeal or an application for interlocutory or extraordinary appeal is filed with an intermediate state appellate court." Tenn. Code Ann. § 16-3-201(d)(3); *see also* Tenn. Sup. Ct. R. 48.

- 5 -

## ANALYSIS

This interlocutory appeal arises from the trial court's grant of a temporary injunction. Rule 65.04(2) of the Tennessee Rules of Civil Procedure provides:

> A temporary injunction may be granted during the pendency of an action if it is clearly shown by verified complaint, affidavit or other evidence that the movant's rights are being or will be violated by an adverse party and the movant will suffer immediate and irreparable injury, loss or damage pending a final judgment in the action, or that the acts or omissions of the adverse party will tend to render such final judgment ineffectual.

Tenn. R. Civ. P. 65.04(2).

> Like the federal courts, Tennessee trial courts consider four factors in determining whether to issue a temporary injunction: "(1) the threat of irreparable harm to the plaintiff if the injunction is not granted; (2) the balance between this harm and the injury that granting the injunction would inflict on defendant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

*Fisher*, 604 S.W.3d at 394 (quoting *Moody v. Hutchison*, 247 S.W.3d 187, 199-200 (Tenn. Ct. App. 2007)). Tennessee Rule of Civil Procedure 65.04(6) further requires a court issuing a temporary injunction to "set forth findings of fact and conclusions of law which constitute the grounds of its action."

We also have explained that mandatory injunctions—which, as here, alter the status quo and order the defendant to take action—are extraordinary in nature and should be granted only in exceptional circumstances. *Fisher*, 604 S.W.3d. at 394-95 (citing *Cole v. Dych*, 535 S.W.2d 315, 322 (Tenn. 1976); *King v. Elrod*, 268 S.W.2d 103, 106 (Tenn. 1954)). Indeed, this Court observed more than 150 years ago that "there is no power the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion or is more dangerous in a doubtful case" than the discretion of granting an injunction. *Mabry v. Ross*, 48 Tenn. 769, 774 (1870).

The Defendants argue that the trial court erred in finding that the Plaintiffs have standing to challenge the Senate plan, and that the trial court erred in failing to consider the harm to the Defendants and the public interest in issuing the temporary injunction. We need not address standing for purposes of this time-sensitive interlocutory appeal because

- 6 -

we agree with the Defendants that, in issuing the temporary injunction, the trial court failed to properly consider the harm to the Defendants and the public interest.[6]

### The Harm to the State and the Public Interest

The Defendants argue that the trial court did not adequately consider the harm to the State and the public interest in enjoining the Senate plan and extending the candidate filing deadline—which Tennessee Code Annotated section 2-5-101(a)(1) (Supp. 2021) sets as the first Thursday in April at noon—to May 5, 2022, at noon. We agree.

In response to the Plaintiffs' motion for temporary injunction, the Defendants submitted, among other things, the affidavits of Beth Henry Robertson, the Assistant Coordinator of Elections for the State of Tennessee; Linda Phillips, the Administrator of Elections for Shelby County, Tennessee; Tammy Smith, the Administrator of Elections for Wilson County, Tennessee; and Chris Davis, the Administrator of Elections for Knox County, Tennessee. These affidavits set forth in robust detail the myriad responsibilities our state and county election officials have in ensuring an orderly election process, and the timelines under which they must satisfy those obligations. For example, Ms. Robertson explained in her affidavit how statutory deadlines for candidate withdrawal and disqualification are tied to the April 7 qualifying deadline, and how those deadlines in turn impact the ability of election officials to satisfy the requirements for military and overseas citizen ballots under the Military and Overseas Voters Empowerment ("MOVE") Act, 52 U.S.C. § 20302(a)(8) (formerly cited as 42 U.S.C. § 1973ff-1(8), and Tennessee Code Annotated section 2-6-503(a) (2014). Ms. Robertson further detailed the impact of these deadlines on the preparation, review, and approval of ballots pursuant to Tennessee Code Annotated section 2-5-207(e) (Supp. 2021). She also detailed the multitude of other tasks that election officials must accomplish in the time leading up to an election, including setting up electronic databases of candidates, training officials as required by Tennessee Code Annotated section 2-11-202(a)(9) (2014), and administering examinations for election administrators seeking certification as required by Tennessee Code Annotated section 2-11-202(b), among other responsibilities. She also explained that many county election commissions have already relied on the Senate plan in adjusting voting precinct lines and have notified voters of these changes as required by Tennessee Code Annotated section 2-3-105 (Supp. 2021). Similarly, she explained that election officials, candidates, and voters have already relied on the district boundaries in the Senate plan to determine whether voter signatures are valid on nominating petitions that already have been filed.

---

[6] Nothing in this decision prevents the Defendants from challenging the Plaintiffs' standing on remand. Of course, the parties may continue to pursue other claims and defenses on remand.

- 7 -

Ms. Robertson also stated that any extension of the candidate qualifying deadline risks compliance with the MOVE Act and detrimentally impacts the ability to timely and accurately prepare for the state primary election and early voting. The affidavits of the three county administrators of elections provide similar detail regarding their obligations for each election and the detrimental impact that an extension of the candidate filing deadline will have on their ability to satisfy their obligations. Put simply, it is clear from these affidavits that a delay in the Senatorial candidate filing deadline from April 7, 2022, to May 5, 2022, will have a significant detrimental impact on the work of our state and county election officials, risks voter confusion, and potentially compromises the integrity of our state's elections.

The Plaintiffs argue that the trial court sufficiently took these factors into consideration in setting a candidate filing deadline of May 5, 2022, rather than the date of May 20, 2022, as originally proposed in the Plaintiffs' motion for temporary injunction. The Plaintiffs further argue that the May 5, 2022 filing deadline will still allow the State to comply with federal law regarding the mailing of military ballots, and as a result "there is now nothing in the record to support the State's claims of harm." We disagree. The affidavits submitted by the Defendants detail harm to the election process well beyond the obligations to comply with federal law, as detailed above. While the affidavits understandably address the May 20, 2022 deadline originally proposed by the Plaintiffs, the affidavits make clear that any delay beyond the statutory deadline places a burden on election officials. Ms. Robertson specifically states in her affidavit that moving the candidate qualifying deadline to "any other date later in the election cycle," will risk compliance with the MOVE Act and compromise the ability to "timely and accurately" prepare for the upcoming elections. As we have explained, the April 7, 2022 filing deadline is set by statute. Tenn. Code Ann. § 2-5-101(a)(1). An extension of that statutory deadline—to which other deadlines are tied—of nearly a month to May 5, 2022, imposes a significant delay on the election process in this state, as reflected by the submitted affidavits. In addition, as detailed above, the affidavits also describe the uncertainty and confusion that will result from a change in the Senate plan at this stage in the election process, regardless of when the new candidate filing deadline is set.

In *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (*per curiam*), the United States Supreme Court vacated an order from the United States Court of Appeals for the Ninth Circuit enjoining the operation of Arizona voter identification procedures. In doing so, the Supreme Court recognized that a state "indisputably has a compelling interest in preserving the integrity of its election process." *Id.* at 4 (quoting *Eu v. San Francisco Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989)). The Supreme Court further recognized that "[c]onfidence in the integrity of our electoral processes is essential to the

functioning of our participatory democracy," stating that court orders affecting elections "can themselves result in voter confusion and consequent incentive to remain away from the polls." *Id.* at 4-5. Applying what is now known as "the *Purcell* principle," the Supreme Court "has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 589 U.S. ---, 140 S. Ct. 1205, 1207 (2020).

Federal courts have applied the *Purcell* principle in declining to preliminarily enjoin redistricting plans. In *Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, --- F.Supp.3d ---, 2022 WL 633312, at *74, *76 (N.D. Ga. Feb. 28, 2022), the plaintiffs challenged Georgia's newly adopted redistricting plan under the Voting Rights Act and moved for a preliminary injunction. In an opinion issued six days before candidate qualifying for the State of Georgia was set to begin, the district court found that the plaintiffs had shown a substantial likelihood of success on the merits and that they were likely to suffer irreparable harm, but nevertheless the district court declined to issue a preliminary injunction after finding that the balancing of harms and the public interest weighed against the injunction. The district court explained that "elections are complex and election calendars are finely calibrated processes, and significant upheaval and voter confusion can result if changes are made late in the process." *Id.* at *74. The court found that "moving the date for qualifying without moving the date of the primary election risks the accuracy of the primary because of the required timelines for building ballot combinations, proofing draft ballots, and preparing ballots for printing by the deadline for overseas and military voters." *Id.* at *75. The district court also recognized that requiring the Georgia General Assembly to draw new plans at such a late stage presented its own risks because "a quick plan [ ] is not necessarily a good plan," and voters and candidates are not well served "by a chaotic, last-minute reordering of districts." *Id.* (internal quotations omitted). Similarly, in *Diaz v. Silver*, 932 F. Supp. 462 (E.D.N.Y. 1996), voters brought suit challenging the constitutionality of a congressional redistricting plan and sought a preliminary injunction. A three-judge panel of the district court assumed, for purposes of the motion for preliminary injunction, that the plaintiffs had a likelihood of success on the merits and would suffer irreparable harm. *Id.* at 466. Nevertheless, the court found that the public interest weighed heavily against an injunction given the impact it would have on the "election machinery" that was already "in gear." *Id.* at 466, 469.

This Court similarly has shown restraint when asked to enjoin the effectiveness of constitutionally suspect reapportionment plans. Following the 1980 census, a suit was filed challenging the constitutionality of the reapportionment of the Tennessee Senate. *State ex rel. Lockert v. Crowell*, 631 S.W.2d 702, 703 (Tenn. 1982). The Chancery Court for Davidson County granted the plaintiffs' motion for summary judgment and enjoined the

defendants from conducting any primary or general election under the plan. *Id.* at 704. On direct appeal, this Court held that summary judgment was inappropriate because there remained disputed questions of material fact, and dissolved the injunction and remanded to the trial court for a proceeding on merits. *Id.* 714-15. Following remand to the trial court, the legislature enacted changes to the composition of the Senatorial districts. *State ex rel. Lockert v. Crowell*, 656 S.W.2d 836, 838 (Tenn. 1983). The plaintiffs filed a supplemental complaint alleging that the newly enacted districts also were drawn in disregard of the Tennessee Constitution because certain counties were unnecessarily divided or numbered non-consecutively. *Id.* Following trial, the trial court held that the Senate plan violated constitutional requirements and enjoined the holding of any further elections under the plan. *Id.* [7] This Court affirmed the trial court's decree finding that the Senate plan was unconstitutional and enjoining the holding of any further elections under the plan. *Id.* at 845.

Here, the panel majority summarily concluded that the Plaintiffs had "made a sufficient showing on the question of the public interest and the balancing of harms as to the Senate plan." However, the panel did not address the robust defense evidence of the harm that will result from delaying the Senatorial candidate filing deadline. Even where, as here, a court determines that a plaintiff is likely to succeed on the merits and there is a risk of irreparable harm,[8] the court must carefully weigh the balance between that harm and the harm that granting the injunction will inflict on the defendant, as well as the public interest. Here, we observe that Plaintiff Moore's alleged irreparable injury is not to her ability to vote, but rather to her alleged right to vote in a county that has consecutively numbered Senate districts. We find that alleged harm is outweighed by the significant harm the injunction will inflict on the Defendants and the public interest, as detailed in the affidavits of four election officials. Under these circumstances, we hold that the trial court erred by granting the extraordinary remedy of a mandatory temporary injunction impacting the electoral process in this State.

---

[7] On remand, the case was consolidated with an action challenging the constitutionality of the reapportionment plan for the House of Representatives. That plan also was found unconstitutional. *Lockert*, 656 S.W.2d at 845.

[8] The Defendants do not challenge in this appeal the panel's conclusion that the Plaintiffs, if they have standing, have shown a likelihood of success on the merits. The Defendants argued in their motion to stay, but not in their application for extraordinary appeal, that the Plaintiffs have failed to show irreparable harm. Because we find that the panel erred in failing to adequately consider the harm of the injunction to the Defendants and the public interest, we express no opinion on those findings.

## Conclusion

The order of the trial court granting the Plaintiffs a temporary injunction is vacated, and the case is remanded to the trial court for further proceedings consistent with this opinion. The Defendants' motion to stay the injunction pending appeal is denied as moot. Recognizing that the trial court's April 6, 2022 order created uncertainty regarding the Senatorial districts and extended the April 7, 2022 noon filing deadline for prospective state Senatorial candidates until May 5, 2022 at noon, an extension of time equal to the time remaining on the statutory deadline when the injunction was entered is afforded, and it is hereby ordered that the filing deadline for prospective state Senatorial candidates shall be Thursday, April 14, 2022, at 4 p.m. prevailing time.

This Opinion is not subject to rehearing under Tennessee Rule of Appellate Procedure 39, and the Clerk is directed to certify this Opinion as final and to immediately issue the mandate. Costs on appeal are taxed to the Plaintiffs, for which execution may issue if necessary.

_____
ROGER A. PAGE, CHIEF JUSTICE